IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

```
TASHA A. SMITH,                     )
                                    )
Plaintiff,                          )
                                    )
vs.                                 )
                                    )   NO. 3:14-CV-01499
CAROLYN W. COLVIN,                  )
ACTING COMMISSIONER OF SOCIAL       )
SECURITY,                           )
                                    )
Defendant.                          )
```

**OPINION AND ORDER**

This matter is before the Court for review of the Commissioner of Social Security's decision denying Disability Insurance Benefits and Supplemental Security Income to Plaintiff Tasha A. Smith. For the reasons set forth below, the decision of the Commissioner is **REVERSED** and this case is **REMANDED** to the Social Security Administration for further proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. section 405(g).

BACKGROUND

On December 27, 2010, Tasha A. Smith ("Smith") filed an application for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. section 401 *et seq.,* and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. section 1381, *et.*

1

*seq*. Smith alleged that her disability began on April 6, 2010. The Social Security Administration ("SSA") denied her initial applications and also denied her claims upon reconsideration.

Smith requested a hearing, and on October 19, 2012, Smith appeared with her attorney at an administration hearing before Administrative Law Judge ("ALJ") David R. Bruce. Testimony was provided by Smith and vocational expert ("VE") Leslie Lloyd. On October 25, 2012, the ALJ issued a decision denying Smith's claim, finding her not disabled because she is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (Tr. 30.)

Smith requested that the Appeals Council review the ALJ's decision, but that request was denied. Accordingly, the ALJ's decision became the Commissioner's final decision. *See* 20 C.F.R. § 422.210(a). Smith has initiated the instant action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. section 405(g).

DISCUSSION

Facts

Smith was born in July 1979, and was 30 years old on the alleged disability onset date of April 6, 2010. (Tr. 195-205.) She quit school in tenth grade. (Tr. 64.) Her past relevant work includes employment as a laundry worker. (Tr. 29.) Miller alleged

2

the following impairments: right knee problems/prosthesis, depression, and bipolar disorder. (Tr. 231.) The medical evidence is largely undisputed and has been set forth in detail in both the ALJ's decision and Miller's opening brief. There is no reason to repeat it in detail here, although pertinent details are discussed below as needed.

Review of Commissioner's Decision

This Court has authority to review the Commissioner's decision to deny social security benefits. 42 U.S.C. § 405(g). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." *Id.* Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (citation omitted). In determining whether substantial evidence exists, the Court shall examine the record in its entirety, but shall not substitute its own opinion for the ALJ's by reconsidering the facts or reweighing the evidence. *See Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003). While a decision denying benefits need not address every piece of evidence, the ALJ must provide "a logical bridge" between the evidence and his conclusion that the claimant is not disabled. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009).

3

As a threshold matter, for a claimant to be eligible for DIB or SSI benefits under the Social Security Act, the claimant must establish that she is disabled. 42 U.S.C. §§ 423(d)(1)(A) and 1382(a)(1). To qualify as being disabled, the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant has satisfied this statutory definition, the ALJ performs a five-step evaluation:

- Step 1: Is the claimant performing substantially gainful activity? If yes, the claim is disallowed; if no, the inquiry proceeds to Step 2.

- Step 2: Is the claimant's impairment or combination of impairments "severe" and expected to last at least twelve months? If not, the claim is disallowed; if yes, the inquiry proceeds to Step 3.

- Step 3: Does the claimant have an impairment or combination of impairments that meets or equals the severity of an impairment in the SSA's Listing of Impairments, as described in 20 C.F.R. § 404, Subpt. P, App. 1? If yes, then claimant is automatically disabled; if not, then the inquiry proceeds to Step 4.

- Step 4: Is the claimant able to perform his past relevant work? If yes, the claim is denied; if no, the inquiry proceeds to Step 5, where the burden of proof shifts to the Commissioner.

Step 5:   Is the claimant able to perform any other work within his residual functional capacity in the national economy? If yes, the claim is denied; if no, the claimant is disabled.

*See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v) and 416.920 (a)(4)(i)-(v); *see also Herron v. Shalala*, 19 F.3d 329, 333 n.8 (7th Cir. 1994).

In this case, the ALJ found that Smith had not engaged in substantial gainful activity since April 6, 2010, her alleged onset date. (Tr. 20.) The ALJ found that Smith suffered from the following severe impairments: degenerative joint disease of the right knee; status post multiple knee replacements; depression; bipolar disorder; and history of marijuana abuse (20 C.F.R. § 404.1520(c) and 416.920(c)). (Tr. 21.) The ALJ further found that Smith did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). (*Id.*)

The ALJ made the following Residual Functional Capacity ("RFC") determination:

> [T]he claimant has the [RFC] to perform less than sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). Specifically, the claimant can lift and carry ten pounds occasionally and less than ten pounds frequently. The claimant can sit for six hours and stand and/or walk for two hours for a total of eight hours in a standard workday. The claimant can occasionally climb stairs and ramps, but cannot climb ladders, ropes, and scaffolds. The claimant can occasionally balance, stoop, crouch, but cannot kneel on her right knee or crawl. The claimant cannot be exposed to unprotected heights or uneven or slippery surfaces. The claimant is

5

> only capable of performing simple tasks and making simple work related decisions, such as found in SVP 1 and 2 type jobs. The claimant cannot interact with general public, but she can frequently interact with coworkers and supervisors.

(Tr. 23-24.) Based upon Smith's RFC, the ALJ found that Smith is unable to perform her past relevant work as a laundry worker. (Tr. 29.) However, the ALJ found that Smith was capable of performing other work that exists in significant numbers in the national economy, including office helper, assembler, and surveillance system monitor. (Tr. 29-30.)

Smith believes that the ALJ committed two errors requiring reversal. First, Smith argues that the ALJ's finding that Smith can sustain work requiring her to stand and walk for two hours without using an assistive device is not supported by substantial evidence or relevant legal standards. Second, Smith asserts that the mental RFC assessed by the ALJ is not supported by substantial evidence or relevant legal standards.

### The RFC Determination

Smith argues that the ALJ made an erroneous RFC assessment by failing to incorporate Smith's alleged need to use a cane. (DE# 25 at 22-23.) The Commissioner does not respond to this argument, but maintains that the ALJ did not err because the VE identified a significant number of jobs that could be performed by an individual with Smith's vocational profile and functional limitations. (DE# 31 at 10.)

An ALJ's RFC assessment, as well as the hypotheticals he poses to the VE, "must incorporate all of the claimant's limitations supported by the medical record." *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014) (citations omitted). "Although the ALJ need not discuss every piece of evidence in the record, he must confront the evidence that does not support his conclusion and explain why it was rejected." *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Courts in this Circuit have found that failure to address a claimant's use of a cane requires remand. *See Thomas v. Colvin,* 534 Fed. Appx. 546, 550 (7th Cir. 2013) (remanding where ALJ failed to discuss adequately claimant's alleged need to use a cane); *Miller v. Colvin*, No. 2:13-CV-028, 2015 WL 1884782, at *11 (N.D. Ind. Apr. 24, 2015) (same); *Oplinger v. Colvin*, No. 13-cv-642, 2015 WL 326809, at *6 (N.D. Ill. Jan. 23, 2015) (same); *Cruz v. Astrue*, 746 F. Supp. 2d 978, 989 (N.D. Ind. 2010) (same).

> The error . . . is not that the medical evidence *required* the ALJ to find that [the claimant] needed a cane to stand and walk, but that the ALJ failed to consider the issue at all, leaving us without a finding to review. We cannot uphold the ALJ's decision based on a reason that the ALJ did not articulate.

*Thomas,* 534 Fed. Appx. at 550 (emphasis in original) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012) and *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011)).

In the decision, the ALJ refers to Smith's use of a cane repeatedly. He discusses Smith's hearing testimony "that she needs

7

a cane to walk significant distances and that it is hard to stand without a cane. The claimant testified that she could stand one hour with a cane, but less than five minutes without one." (Tr. 24 (citation omitted).) When addressing the severity of Smith's degenerative joint disease impairment, the ALJ remarks that she "more commonly walks with a cane." (Tr. 21 (citations omitted).) He also notes that Smith "was still using a cane" after recovering from knee surgery. (Tr. 25.) Despite acknowledging Smith's use of a cane, the ALJ does not include any reasons for excluding cane use from the RFC. And while the ALJ concludes that Smith's allegations were "not . . . entirely credible," (Tr. 27), he does not discredit her alleged need for a cane. Generally discrediting Smith's testimony without addressing her cane use is not sufficient to build the necessary "logical bridge" between the evidence and the ALJ's conclusions. *See Thomas,* 534 Fed. Appx. at 550 (citing *Terry*, 580 F.3d at 475).

Finally, the Court notes that the ALJ limited his questions to the VE to a hypothetical individual who had the same past jobs as Smith, but did not incorporate the use of a cane into any of the hypotheticals. (*See* Tr. 66.) By the nature of his questions, the ALJ prohibited the VE from considering physical limitations that the VE might have absorbed either through reviewing the evidence on the record or by listening to Smith's hearing testimony. *See Young v. Barnhart*, 362 F.3d 995, 1003 (7th Cir.

2004). Because the ALJ failed to consider Smith's use of a cane, **REMAND** is required.

Smith's Remaining Arguments

Having found remand necessary on the basis of the ALJ's failure to address Smith's use of a cane, this Court finds no compelling reason to address Smith's remaining arguments in detail. The Court has considered Smith's request that it award benefits rather than remand the case for additional proceedings but finds remand more appropriate here. The Court makes no findings regarding the merits of Smith's claims. On remand, the ALJ should consider all of the evidence in the record and, if necessary, give the parties the opportunity to expand the record so that the ALJ may build a logical bridge between the evidence and his conclusions.

CONCLUSION

For the reasons set forth above, the final decision of the Commissioner of Social Security is **REVERSED** and this case is **REMANDED** to the Social Security Administration for further proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. section 405(g).

| | |
|---|---|
| **DATED: September 22, 2015** | /s/ RUDY LOZANO, Judge<br>**United States District Court** |